# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

DENNIS LEE SMITH and :
HELEN S. STARCHIA, :
:
        Plaintiffs, :
:
v. : Civ. No. 10-830-LPS
:
THE HONORABLE JOSEPH J. FARNAN, JR. :
(Ret.), et al., :
:
        Defendants. :

---

Dennis Lee Smith, Selbyville, Delaware and Helen S. Starchia, Dagsboro, Delaware, Pro Se Plaintiffs.

Shannon Thee Hanson, Assistant United States Attorney, Wilmington, Delaware. Counsel for Defendants Joseph J. Farnan, Jr. and Marlene Warrant.

William J. Dunne, Community Legal Aid Society, Inc., Wilmington, Delaware, Pro Se Defendant.

## **MEMORANDUM OPINION**

May 27, 2011
Wilmington, Delaware

[signature] Ce P. A

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs Dennis Lee Smith ("Smith") and Helen S. Starchia ("Starchia") (together Plaintiffs") filed this lawsuit alleging violations of the Thirteenth and Fourteen Amendments of the United States Constitution pursuant to 28 U.S.C. § 1343(a)(3), 42 U.S.C. §§ 1985(3), 1986, and 1988, and 42 U.S.C. § 2000a-2 and § 2000a-3. (D.I. 1, 3) Pending before the Court are a Motions to Dismiss, a Motion for Judgment or Order, and numerous Motions to Strike. (D.I. 22, 24, 25, 31, 32, 36, 37, 39, 41, 43) For the reasons that follow, the Court will grant the Motion to Dismiss, *sua sponte* dismiss the claims against Defendant William J. Dunne ("Dunne"), and deny the remaining motions.

## II. BACKGROUND

Plaintiffs filed this action against Defendants Hon. Joseph J. Farnan, Jr. ("Judge Farnan"),[1] Marlene Warrant ("Warrant"),[2] and Dunne.[3] (D.I. 1, 3) Plaintiffs have removed or filed numerous cases in this Court. The instant lawsuit is one in a series concerning an underlying State court action between Plaintiffs and Patricia A. Meyers ("Meyers"), a case that Plaintiffs have unsuccessfully attempted to remove to this Court three times.[4] *See Meyers v.*

---

[1] Retired United States District Judge, United States District Court for the District of Delaware.

[2] Operations Manager for the United States District Court for the District of Delaware.

[3] Attorney with the Community Legal Aid Society in Wilmington, Delaware.

[4] This dispute serves as the keystone for most of Plaintiffs' federal litigation and concerns a property located in Sussex County, Delaware ("the property"). From the hundreds of pages of documents filed in this Court by Plaintiffs in their numerous cases, it appears that Smith was a friend of the Meyers family and held himself out to be a representative of Meyers (at times

1

*Smith*, Civ. No. 09-579-JJF; *Meyers v. Smith*, Civ. No. 10-199-LPS; and *Meyers v. Smith*, Civ. No. 11-329-SLR. The instant lawsuit is related to the second attempt at removal, *Meyers v. Smith*, Civ. No. 10-199-LPS, which was assigned to Judge Farnan prior to his retirement. Judge Farnan remanded *Meyers v. Smith*, Civ. No. 10-199-LPS (at D.I. 22, 23), to the Delaware Court of Chancery, where it was listed as Civ. No. 4739-MG (Del. Ch.). Dunne represented Meyers in Civ. No. 10-199-LPS. The allegations discussed herein are related to Civ. No. 10-199-LPS.

Plaintiffs assert a racially motivated "chain link conspiracy" based upon the rulings of Judge Farnan, motions filed by Dunne, and Clerk of Court actions they attribute to Warrant. Plaintiffs allege Defendants engaged in ten counts of judicial misconduct and derelict official acts to cover up for alleged acts by conspirators the Delaware Court of Chancery and Beebe

---

claiming a power of attorney) in various real estate transactions, e.g., in dealing with lessees on the property. On January 5, 2004, a document captioned "Sale of Complete Inherited Rights And Authorities to Real Estate Property" was executed by Smith and Meyers, whereby Meyers, "for good consideration and in payment of the sum of ONE DOLLAR ($1.00) lawful money," sold and transferred to Smith her "complete inherited rights and authorities of her 'one (1) share' of real estate property, as described and to any other degree which is allowed in George A. Evans' 'Last Will and Testament' dated December 1, 1989, concerning" the property. (*Meyers v. Smith*, Civ. No. 09-579 at D.I. 1) Two deeds followed, one executed on April 7, 2005 transferring the property from Meyers to Smith, and a second executed on July 8, 2005 transferring the property from Smith to Starchia. On July 13, 2009, Meyers filed suit in the Delaware Court of Chancery, asserting claims under Delaware law for breach of fiduciary duty, common law fraud, undue influence, and exploitation of an infirm adult. In that action, Meyers seeks, *inter alia*, an order rescinding the deeds transferring the property to Smith and Starchia.

Medical Center Hospital.[5] Plaintiffs assert that federal jurisdiction appropriately rests on 28 U.S.C. § 144,[6] § 1331[7] and § 1343(a)(3);[8] 42 U.S.C. § 1981(a) and (c),[9] 1985(3),[10] § 1986,[11]

---

[5]The Complaint sets forth Counts 1 through 9. The counts are directed to individuals who are not named defendants in this case and who are affiliated with the Delaware Court of Chancery's Clerk's Office and/or are State judicial officers.

[6]Section 144 provides for disqualification of a judge based upon bias or prejudice.

[7]Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[8]Section 1343(a)(3) provides for original jurisdiction in the district court "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress."

[9]Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987).

[10]A civil statute for conspiracy to interfere with civil rights in depriving persons of rights or privileges.

[11]Section 1986 provides for a cause of action when a defendant knows of conspiracy to interfere with civil rights and, having power to prevent or aid in preventing commission of same, neglects or refuses to do so.

§ 1988,[12] § 2000a,[13] § 2000a-1,[14] § 2000a-2,[15] and § 2000a-3;[16] and 18 U.S.C. § 2383.[17] (D.I. 1, 3)

Counts 10, 11, 12, 16, 17, and 19 are raised against Dunne.[18] Plaintiffs allege that Dunne: (1) erroneously stated that he mailed a pleading to Plaintiffs on December 31, 2010, and the error deprived Smith of his right to due process and equal civil rights (*see* Civ. No. 10-199-LPS at D.I. 49);[19] (2) intentionally lied and committed fraud on the Court; (3) attempted to prejudice the Court against Smith in statements Dunne made in his filings; (4) changed the wording of his "true quote" and created a fraudulent caption; and (5) intentionally responded to a motion filed by Plaintiffs to trick and cover-up for not responding to an amended motion. Plaintiffs allege that Dunne's written pleadings constitute an ongoing repeated trick/scheme, are unconstitutional,

---

[12]Section 1988 provides that the federal cause of action is governed by appropriate "laws of the United States," but if such laws are unsuitable or inadequate, state-law rules are borrowed unless a particular state rule is inconsistent with the Constitution and laws of the United States.

[13]Prohibits discrimination or segregation in places of public accommodation.

[14]Prohibits discrimination or segregation required by any law, statute, ordinance, regulation, rule or order of a State or State agency.

[15]Prohibits deprivation of, interference with, and punishment for exercising rights and privileges secured by § 2000a or § 2000a-1.

[16]Provides for injunctive relief whenever any person has engaged in, or there are reasonable grounds to believe that any person is about to engage in, any act or practice prohibited by § 2000a-2.

[17]A criminal statute providing for prosecution of rebellion or insurrection.

[18]Count 19 is raised against the three defendants as "chain link conspirators" who helped to conceal or cover-up alleged wrongful acts in the State Court.

[19]Docket item 49 is a Response to Motion to Strike (D.I. 45) Plaintiff's Response to Motion for Reargument (D.I. 43). The Motion to Strike (D.I. 45) was denied as moot on December 23, 2010. (*See* Civ. No. 10-199-LPS at D.I. 91)

4

are prejudicial, and constitute unconstitutional invidious racial discrimination and dereliction of duty, and also that they deprived Smith of his due process rights and equal civil rights.

Counts 13, 14, 18, and 19 are raised against Judge Farnan. Plaintiffs allege that Judge Farnan repeatedly violated 28 U.S.C. § 144 and 18 U.S.C. § 2383, that he deprived Plaintiffs of their constitutional rights, and that he is a "chain link conspirator." Smith alleges that he made Judge Farnan aware of Dunne's actions but, nevertheless, Judge Farnan "arbitrarily and capriciously ruled against" him – without receiving a response from Dunne – when, on June 18, 2010, Judge Farnan denied Motions to Stay and Motions for Relief from Judgment or Order. (*See* Civ. No. 10-199-LPS at D.I. 38) Plaintiffs contend that Judge Farnan committed plain error in his June 18, 2010 Memorandum Order and that his ruling in favor of Dunne constituted prejudice and unconstitutional invidious racial discrimination. Finally, Smith alleges he was denied his due process and equal civil rights by Judge Farnan's intentional dereliction of duty.

Counts 15 and 19 are raised against Warrant. Plaintiffs allege that Warrant is a "chain link conspirator." It appears that Plaintiffs take exception to D.I. 28 in Civ. No. 10-199-LPS, docketed on May 28, 2010, and modified on June 1, 2010.[20] Plaintiffs further allege that Warrant engaged in an unconstitutional cover-up when she intentionally failed to enter a default against Dunne pursuant to Fed. R. Civ. P. 55(a). Plaintiffs contend an entry of default should have been entered based upon their allegations that Dunne filed a fraudulent response to their Motion for Relief from Judgment (Civ. No. 10-199-LPS at D.I. 27) and failed to respond to their Amended

---

[20]According to the Court docket, Warrant is not the individual who made the docket entries.

5

Motion for Relief from Judgment (*Id.* at D.I. 28).[21] Smith alleges that Warrant's "dereliction of duty aggrieved and deprived [him] of [his] due process rights and equal civil rights."

Plaintiffs seek to enjoin Defendants from inflicting emotional distress, discrimination, and deprivation of Smith's constitutional rights; a permanent injunction to remove Defendants from Civ. No. 10-199-LPS based upon their alleged unconstitutional, judicial misconduct and derelict official acts.[22]

## III. DISCUSSION

### A. Fed. R. Civ. P. 60(b)

Plaintiffs sought an entry of default against Dunne in the present case. On December 23, 2010, the Court denied Plaintiffs' Amended Request for Default (D.I. 12) and denied as moot the Request for Default (D.I. 10). The December 23, 2010 Order noted that Dunne answered the Amended Complaint on November 19, 2010 and that, to extent it was asserted that the answer was untimely, the answer was filed only one day late. The Order also discussed law relating to default judgments. (D.I. 21)

On January 6, 2011, Plaintiffs filed a Motion for Relief for Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(3) and (4) and a Motion to Stay on the grounds that they did not intentionally name their request a motion or pleading. (D.I. 31) Plaintiffs argue that a Request for Default is directed to the Clerk's Office and that, in entering an Order, the undersigned unconstitutionally construed the request as a motion. Plaintiffs seek to enjoin the Order and ask

---

[21]Judge Farnan denied the motions on July 13, 2010. (Civ. No. 10-199-LPS at D.I. 38)

[22]The court docket indicates that Civ. No. 10-199-LPS is closed.

6

the Court to construe D.I. 12 as a letter to the Clerk's Office. Dunne opposes the motion.[23] (D.I. 33)

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). In addition, Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial." *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002).

Federal Rule of Civil Procedure 60(b)(4) provides for relief from judgment if "the judgment is void." A judgment is not void "simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional." *Marshall v. Board of Educ., Bergenfield, N.J.*, 575 F.2d 417, 422 (3d Cir. 1978). "A judgment may . . . be void . . . if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree

---

[23]Instead of filing oppositions to motions they oppose, Plaintiffs file Motions to Strike the pleadings. (*See* D.I. 24, 25, 34, 36, 37, 39, 41, 43) The Court will deny each of these Motions to Strike.

7

which is not within the powers granted to it by the law.'" *Id.* (quoting *United States v. Walker*, 109 U.S. 258, 265-67 (1883)); *see also Mauro v. New Jersey Supreme Court, Case No. 56,900*, 238 F. App'x 791, 793 (3d Cir. Apr. 27, 2007) (not published).

The relief Plaintiffs seek is not available to them under either rule. Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party" not, as Smith alleges, where the Court has committed fraud. Nor is it intended to permit relitigation of the merits of a case. Similarly, Rule 60(b)(4) is inapplicable. While Plaintiffs may believe the Order at issue is erroneous, that belief does not mean that the Order is void.

For the above reasons, the Court will deny Plaintiffs' Motion for Relief for Judgment or Order and Motion to Stay. (D.I. 31)

### B. Motion to Dismiss

Judge Farnan and Warrant filed a Rule 12(b)(6) Motion to Dismiss, seeking dismissal on the grounds of judicial and derivative judicial immunity. (D.I. 22) Rather than file an opposition, Plaintiffs filed a Motion to Strike the Motion to Dismiss. (D.I. 32)

#### 1. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

8

550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1949 (2009). A plaintiff is required, by Fed. R. Civ. P. 8(a)(2), to provide the "grounds of his entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Because Plaintiffs proceed *pro se*, the Court construes their Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2.    **Absolute Judicial Immunity**

Judge Farnan moves for dismissal on the grounds of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985); *see also Mireless v. Waco*, 502 U.S. 9, 10 (1991) ("Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotation marks omitted); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). Judicial immunity provides complete immunity from suit, not merely from an ultimate assessment of damages. *See Mireles*, 502 U.S. at 11. A judge is entitled to immunity even where "the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). Judicial immunity remains in force even if the judge's actions are alleged to be the result of a conspiracy undertaken with others. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

9

Plaintiffs allege that Judge Farnan entered rulings against them and, in doing so, discriminated against them on the basis of race, engaged in a conspiracy, and violated their constitutional rights. The allegations refer to acts performed by Judge Farnan within the scope of his judicial duties. Thus, Judge Farnan enjoys absolute immunity from Plaintiffs' suit against him. Accordingly, the Court will grant the Motion to Dismiss.

### 3. Quasi-Judicial Immunity

The main issue raised against Warrant is that she failed to enter default against Dunne in Civ. No. 10-199-LPS, and the failure was a cover-up and dereliction of duty, violated local and federal rules, obstructed justice, and was the result of race discrimination.[24] Defendants argue that judicial immunity extend to Warrant, because her alleged failure to act was derivative and entirely the result of the judicial process.[25]

Under certain circumstances court personnel may be entitled to quasi-judicial immunity. Quasi-judicial immunity is absolute immunity. *See Dotzel v. Ashbridge,* 438 F.3d 320, 324 n.1 (3d Cir. 2006). The defendant bears the burden of establishing a right to absolute immunity. *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 432 (1993). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v.*

---

[24] The Court finds frivolous the allegations regarding the docket entry. The Court can perceive no harm to Plaintiffs as a result of a corrected docket entry. Also, the docket reflects that Warrant had no involvement in correcting the entry. (*See* Civ. No. 10-199-LPS at D.I. 27, 28 and Correcting Entry Notes)

[25] Defendants refer to derivative judicial immunity. Most case law, however, describes the immunity as quasi-judicial immunity.

10

*Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (applying quasi-judicial immunity to clerk of courts, administrative assistant to president judge, and court reporter). A public official's role is functionally comparable to that of a judge when he or she is required to "exercise a discretionary judgment" akin to that of a judge. *Stacey v. City of Hermitage*, 178 F. App'x 94, 103 n.5 (3d Cir. Apr. 19, 2006) (not published).

Here, in allegedly refusing to enter default, Warrant performed a function at the core of adjudication. *See Bey v. Bruey*, 2009 WL 961411 (D.N.J. Apr. 8, 2009). Hence, as numerous courts have held, Warrant's alleged refusal to enter default is shielded by quasi-judicial immunity. *See Jenkins v. Clerk of Court*, 150 F. App'x 988 (11th Cir. Oct. 21, 2005) (not published) (holding clerk had absolute immunity for failure to enter default judgment); *Coleman v. Farnsworth*, 90 F. App'x 313 (10th Cir. Feb. 24, 2004) (not published) (court clerk enjoys absolute quasi-judicial immunity when she performs a "judicial act" such as entry of a default judgment); *Wappler v. Carniak*, 24 F. App'x 294 (6th Cir. Oct. 30, 2001) (not published) (court clerk who allegedly erred in entering default judgment in civil action was absolutely immune from suit); *Bey*, 2009 WL 961411 (clerks had quasi-judicial immunity from claim involving request to enter default).

Thus, Warrant is immune from suit relating to Plaintiffs' allegations. Accordingly, the Court will grant the Motion to Dismiss.

### C. Sua Sponte Dismissal

A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly

11

insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted); *see also Degrazia v. Federal Bureau of Investigation*, 316 F. App'x 172 (3d Cir. Mar. 12, 2009) (not published) (applying *Hagans* standard).

Plaintiffs raise a litany of allegations against Dunne, all of which are related to his representation of Meyers – the adverse party – in Civ. No. 10-199-LPS. Even a generous reading of Plaintiffs' allegations lead the Court to conclude that Dunne was merely engaging in the activities of an attorney representing his client and nothing else. The Complaint's conclusory allegations, *in toto*, and general allegations of discrimination and conspiracy, are frivolous. Moreover, it is "no longer open to discussion" that the relief Plaintiffs seek is unavailable in the context of this civil action. *See generally Madkins v. City of Memphis*, 20 F. App'x 335, 336 (6th Cir. Sept. 18, 2001) (not published) (upholding district court's *sua sponte* dismissal of complaint against forty-eight defendants – including judges, court clerk, prosecutors, grand jury foreman, police officers, and others – where plaintiff alleged that governmental officials improperly prosecuted him, that individuals falsely testified against him, and that he was convicted and confined as result of vast conspiracy against him).

Thus, the Court will dismiss the claims against Dunne *sua sponte*.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will grant the Motion to Dismiss, will *sua sponte* dismiss the claims against Dunne pursuant to Fed. R. Civ. P. 12(b)(1), will deny the Motion for Judgment or Order and Motion to Stay, and will deny all Motions to Strike.

An appropriate Order follows.